IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY E. WILLIAMS                    :

    Plaintiff                              :

v                                       :        Civil Action No. PJM-09-1459

OFFICER HARSE, et al.                   :

    Defendants                            :

o0o

# MEMORANDUM

Pending is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 11. Plaintiff opposes the motion.[1] Paper No. 13. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2009).

## Injunctive Relief

Plaintiff seeks injunctive relief in the form of a transfer to another institution. Paper No. 8. He states Defendants harassed him, made threats on his life and safety, planted a dangerous weapon in his cell, and interfered with his institutional mail. *Id*. Plaintiff contacted the court on November 20, 2009, stating that he had been transferred from Roxbury Correctional Institution (RCI) to Jessup Correctional Institution (JCI). Paper No. 15. The request for injunctive relief is, therefore, moot and shall be denied.

## Background

Plaintiff alleges that on April 27, 2009, while confined to Roxbury Correctional Institution (RCI), he was assaulted by Defendants following his visit to the eye doctor. He claims he was being escorted in handcuffs by Officer Nave from the medical unit when he

---

[1] Also pending is Plaintiff's Motion for Appointment of Counsel. Paper No. 6. Upon review of the pleadings filed by Plaintiff, and the relative simplicity of the issues presented, and in light of the fact that this case will not scheduled for a hearing on the merits, the motion shall be denied. *See* 28 U.S.C. §1915(e)(1).

threatened Plaintiff that he would "deal" with him when they got back to the housing unit. Paper No. 1 at p. 4. Plaintiff alleges that Officer Harse came to the shower area on A tier of housing unit 5 to escort him back to his cell, but instead took him to the property room. *Id*. Plaintiff claims Harse and Officer Steffa assaulted him in order to get him to the property room, with Harse banging Plaintiff's head on the floor and Steffa twisting his arm "to the point where he almost broke it." *Id*. The two officers then picked Plaintiff up from the floor and walked him into the property room. *Id*. Plaintiff claims Nave was waiting for him in the property room and, upon his arrival, he was punched in the face and choked. *Id*. Plaintiff states that Nave then put his finger in his face and said, "what's up now nigger boy?" *Id*.

Defendants deny ever assaulting Plaintiff. Paper No. 11. They state that Plaintiff's allegations were investigated by Captain T.L. Mills, who interviewed Plaintiff on April 30, 2009 and had him examined by a nurse. *Id*. at Ex. D. Although Plaintiff claimed to suffer a swollen wrist, a bleeding lip, scrapes and scratches, no visible signs of injury were noted during his physical examination. *Id*. In addition, there are no signs visible in the pictures taken of Plaintiff. *Id*. at pp. 11 – 12.

Defendants further state that Plaintiff was transferred to RCI with a history of exposing himself to female staff at Maryland Correctional Institution at Hagerstown (MCIH) and claimed to know a female member of the staff there. *Id*. at p. 15. At the time of his transfer, Plaintiff was on disciplinary segregation. He was placed on disciplinary segregation upon arrival to RCI on February 20, 2009. *Id*. at p. 18. Defendants suggest that Plaintiff was not happy with his transfer since it was not done upon his request.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

2

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). If the injuries sustained are *de minimis*, Plaintiff cannot prevail on an Eighth Amendment claim, unless extraordinary circumstances are present. *See Norman v. Taylor*, 25 F.3d1259, 1263 (4th Cir. 1994). "Extraordinary circumstances are present when the force used is of a sort repugnant to the conscience of mankind for the pain itself is such that it can properly be said to constitute more than de minimis injury." *Taylor v. McDuffie*, 155 F. 3d 479, 483 (4th Cir. 1998); *see also Riley v. Dorton*, 115 F. 3d 1159, 1166 (4th Cir. 1997) (record must support a finding that plaintiff sustained more than de minimis injury).

Plaintiff states that Defendants have been sued for excessive force claims by other inmates, and thus their claims that they would not behave in this way are not credible. Paper No. 13. In addition he provides that he would not have named Defendants in his complaint if they had not been present and had not assaulted him. *Id*. With respect to his injuries, Plaintiff states that the cuts he sustained were inside of his mouth and that is why they were not visible to the nurse. *Id*. He offers no explanation as to why he did not show those injuries to the nurse who was examining him. *Id*.

In the summary judgment posture of this case this court does not determine issues of credibility, but instead must view the evidence in a light most favorable to the non-moving party.

Assuming the assault occurred, there is no evidence that Plaintiff suffered an injury.  His assertions in opposition to the summary judgment motion are contrary to his original allegations and do not present specific facts showing that there is a genuine issue for trial.  Accordingly, Defendants are entitled to summary judgment in their favor.  A separate Order follows.


January 19, 2010
/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE